JAMES T. SHIOSAKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shiosaki v. Commissioner
Docket Nos. 346-71, 8440-71, 4476-73.
United States Tax Court
T.C. Memo 1975-28; 1975 Tax Ct. Memo LEXIS 344; 34 T.C.M. (CCH) 127; T.C.M. (RIA) 750028; February 18, 1975, Filed James T. Shiosaki, pro se. Clifford C. Larson, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: These consolidated cases involve income tax deficiencies determined by respondent as follows: Year
Amount
1968
$304.48
1969
319.68
1971
515.35
*345 The issue is whether expenses incurred by petitioner in traveling between his home in Azusa, California, and Las Vegas, Nevada, where he gambled, are deductible under section 212(1) of the Internal Revenue Code of 1954 as ordinary and necessary expenses incurred for the production of income. FINDINGS OF FACT Petitioner James T. Shiosaki was a legal resident of Azusa, California, at the time the petitions in these cases were filed. He filed timely income tax returns for each of the years 1968, 1969, and 1971. Since his graduation from college in 1957, petitioner's principal occupation has been that of an electrical engineer. In this profession his earnings have approximated $15,000 per year. In addition, in the years immediately following his college graduation, he invested in stocks in order to supplement his salary income. During the Labor Day weekend of 1957, petitioner went to Las Vegas with friends and was introduced to the game of craps. He was fascinated with the game, and he began reading books on the subject and attempting to devise a method which would enable him to win at the Las Vegas craps tables. Notwithstanding these studies, as well as *346 extensive experimentation, petitioner has not been able to develop a winning formula. In 1959 he won a net amount of approximately $6,000 in his gambling activities. Each year since 1959, however, he has consistently lost net amounts of $5,000 to $10,000 gambling in Las Vegas. During each of the years 1968, 1969, and 1971, petitioner made several trips to Las Vegas to engage in gambling. On his 1968 and 1971 income tax returns, he reported gambling income of $1,400 and $4,800, respectively, and gambling losses in equal amounts. While on his trips to Las Vegas during 1968, 1969, and 1971, petitioner cashed checks at the Sands Hotel in amounts totaling $8,000, $7,800, and $14,000, respectively. He also took some money with him on each trip to Las Vegas. Ordinarily, upon losing the money taken with him and the money received from cashing checks, he would return to his home in Azusa, California. During the years in issue, petitioner made the following expenditures in connection with his travels to Las Vegas: Amounts
1968
1969
1971
Transportation to
and from airport
$ 42.00
$ 24.00
$ 80.00
Air insurance
13.50
8.00
Transportation to
and from Las Vegas
247.80
292.30
602.00
Hotel
235.20
248.90
585.66
Meals
98.00
98.00
175.00
Cabs
81.00
56.00
132.00
Auto storage
33.45
18.00
37.75
Totals
$750.95
$745.20
$1,612.41
*347 He claimed deductions for these expenditures on his returns for the respective years, and respondent disallowed the deductions. OPINION To support his claim to the disputed deductions, petitioner relies upon section 212(1) [1] of the Internal Revenue Code of 1954, which allows as a deduction all the ordinary and necessary expenses paid or incurred by an individual during the taxable year "for the production or collection of income." Respondent denies that the disputed expenses were incurred for the production of income and maintains that they fall within the nondeductible category of personal expenses covered by section 262 [2] of the Code. On a trial record presenting almost precisely the same facts as the present one, *348 this Court held that petitioner was not entitled to deduct expenses incurred in 1967, similar to the ones here involved, James T. Shiosaki,T.C. Memo. 1971-24, and the Court of Appeals for the Ninth Circuit affirmed our holding, 475 F.2d 770 (1973), certiorari denied 414 U.S. 830 (1973). Our conclusion in that case was stated in these words: It is our opinion that petitioner has failed to show that in incurring expenses for trips to Las Vegas in 1967 to engage in gambling he was motivated by a bona fide profit seeking purpose. We have drawn this conclusion not from any determination that some hypothetical "reasonable man" faced with petitioner's consistent and continued losses could not expect a profit, but from a conviction that petitioner himself, were he not so inextricably caught up in the gambling game, could not expect, by reason of these sustained losses, to turn a profit. There is nothing in the trial record of the instant case on which we could base a contrary finding. Indeed, the evidence here adds three more years to petitioner's long history of enormous, unceasing gambling losses and thus provides additional support for *349 our conclusion that petitioner's gambling activities were not motivated by a profit-seeking purpose. Margit Sigray Bessenyey,45 T.C. 261, 273 (1965), affd. 379 F.2d 252 (C.A. 2, 1967), certiorari denied 389 U.S. 931 (1967). Petitioner acknowledges that the odds are against the customers' winning at the craps tables. He knew this to be true throughout the years in controversy. We do not think his evanescent hope that luck will eventually attend his efforts is sufficient to show that the disputed expenses were made for profit-seeking purposes, i.e., in the words of section 212(1), "for the production or collection of income." See Citizens & So. Nat. Bank et al. v. United States,83 Ct.Cl. 618, 622-623, 14 F.Supp. 915, 918 (1936); Edward T. Dicker,T.C. Memo. 1963-82. [3]
To reflect the foregoing conclusion and adjustments conceded *350 by petitioner, Decisions will be entered for the respondent.
Footnotes
1. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. Respondent contends in the alternative that if sec. 212(1) applied, sec. 165(d), I.R.C. 1954, would limit the deduction of the expenses to the amount of the net gambling gains. Since we have held sec. 212 (1)↩ inapplicable, we need not reach that question.